UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA BORJA,

    Plaintiff,
v.                              Case No.: 8:11-cv-106-T-33MAP

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff Brenda Borja's Motion to Remand (Doc. # 4), filed on January 24, 2011. On February 7, 2011, Defendant Geovera Specialty Insurance Company filed a Response to the motion. (Doc. # 5). Borja filed a Reply Memorandum on February 8, 2011. (Doc. # 6).[1] For the reasons that follow, the motion to remand is denied.

**I. Procedural History**

Borja filed suit against Geovera, her insurer, in the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida on December 9, 2010. (Doc. # 2). Borja's amended complaint states, "The amount in controversy in this

---

[1] The Court notes that Borja's Reply Memorandum is an unauthorized reply pursuant to Local Rule 3.01(c) M.D. Fla. Nevertheless, in an effort to fully and completely address the matter before the Court, the Court has considered the Reply Memorandum.

action exceeds the sum of fifteen thousand and 00/100 ($15,000.00) Dollars, exclusive of pre-judgment interest, court costs, and attorney's fees." (Doc. # 2 at ¶ 1). The lawsuit arises from an insurance dispute. Id. The sole count contained in the amended complaint is for breach of contract. Geovera insures Borja's home, and the insurance policy, which is attached to the complaint, covers sinkhole damage. Borja claims that her home was damaged by sinkhole activity. Geovera hired an expert to inspect the damage. The expert confirmed that the damage was caused by a sinkhole, and Geovera undertook repairs of the property. From documents supplied by Georvera, it appears that Geovera has expended over $75,000 in its efforts to remediate the property.

In the amended complaint, Borja alleges that Geovera has negligently remediated her property. She contends, "By Defendant's purported election to repair under the above-referenced insurance contract, a new repair contract arise by implication of law, under which Defendant was bound to restore Plaintiff's home to a pre-loss condition within a reasonable time." (Doc. # 2 at ¶ 14). Borja further alleges, "Defendant has breached the new repair contract, and thus, the underlying insurance policy, by failing to affect repairs at the subject home that restore the damaged Property to its pre-loss

2

condition as to function and appearance, and by failing to work in consultation with the Plaintiff with respect to the inspection and repair of the insured property." (Doc. # 2 at ¶ 19).

Among other remedies, Borja seeks the "full cost of repairs of the damage to the Insured Property, including but not limited to, remediation of subsurface conditions, restoration of the foundation, full cosmetic repair, repair of the cracks, structural repair, temporary repairs and other expenses necessary to repair the subject insured dwelling; and if the Insured Property is not repairable within the applicable coverage limits, an amount equal to such limits for the total loss." (Doc. # 2 at ¶ 15).

On January 14, 2011, Geovera removed the case to this Court. (Doc. # 1). In its notice of removal, Geovera explains that it is a California company and that Borja is a Florida resident. (Doc. # 1 at ¶ 8-9). Geovera also asserts that the amount in controversy exceeds $75,000.00 because:

> The applicable Policy of Insurance, Policy Number GH50012366, provides the following coverage limits:
> Coverage A  Dwelling          $100,000.00
> Coverage B  Other Structures  $10,000.00
> Coverage D  Loss of Use       $20,000.00

(Doc. # 1 at ¶ 6). On January 24, 2011, Borja filed her motion seeking remand and an award of costs and attorney's

3

fees incurred as a result of improper removal pursuant to 28 U.S.C. § 1447(c). (Doc. # 4). Borja does not dispute that complete diversity exists in this case; however, Borja contends that Geovera has not met its burden of showing that the amount in controversy exceeds $75,000. Geovera opposes remand, arguing that the amount in controversy requirements has been met. In the alternative, Geovera contends that it should be allowed to conduct jurisdictional discovery to establish the amount in controversy.

## II. Legal Standard

Under 28 U.S.C. § 1441, the defendant may remove an action brought in state court to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original jurisdiction is established where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). In removal cases, the burden of proving any jurisdictional fact rests upon the defendant. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

Where a plaintiff has made an unspecified demand for damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the

4

jurisdictional requirement. <u>Id.</u> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. <u>Id.</u> If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. <u>Id.</u>

Federal courts are directed to construe removal statutes strictly and resolve all doubts about jurisdiction in favor of remand to state court. <u>Univ. of S. Ala. v. Am. Tobacco</u>, 168 F.3d 405, 411 (11th Cir. 1999). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendant's right to remove. <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). A defendant's burden of proof is therefore a heavy one. <u>Id.</u>

### III. **Analysis**

The Court first looks to Borja's complaint to determine the burden of proof that Geovera must bear in demonstrating the amount in controversy requirement. Borja's complaint states that the amount in controversy exceeds fifteen thousand dollars, but it does not specify an amount certain (Doc. # 2 at 1); therefore, a preponderance of the evidence standard

applies. Borja's complaint contains no other information that makes it facially apparent that the amount in controversy exceeds $75,000. Therefore, the Court looks to Geovera's notice of removal. (Doc. # 1). In asserting that the jurisdictional requirement is satisfied, Geovera relies on the policy limits in this case, which exceed $75,000.

Where the insured seeks to recover to the fullest extent of coverage, the court can determine the amount in controversy by reference to the face of the policy. Warth v. State Farm Fire & Cas. Co., 792 F. Supp. 101, 103 (M.D. Fla. 1992) (citing Allstate Ins. Co. v. Brown, 736 F. Supp. 705, 707 (W.D. Va. 1990)). Where the insured does not seek to recover the maximum under the policy, the court cannot rely exclusively on the policy limit as the measure of the amount in controversy. Warth, 792 F. Supp. at 103.

In this case, Borja is seeking the policy limits. Although the amended complaint refers to a "new repair contract that arose by implication of law" (Doc. # 2 at ¶ 14), she still demands "an amount equal to" the "applicable coverage limits" to make her whole "for the total loss." (Id. at ¶ 15). Borja's bifurcation of her original insurance dispute and her "new repair contract" does not necessitate remand to state court. Regardless of her theory of the case,

6

Borja seeks the policy limits, and such policy limits exceed $75,000. Thus, the Court finds that the requirements for removal have been satisfied and determines that it is appropriate to deny the motion to remand.[2]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Brenda Borja's Motion to Remand (Doc. # 4) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of February 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record

---

[2] In light of these findings, it is not necessary to evaluate Geovera's alternative request for jurisdictional discovery.

7